LEVIN CATTS, defendant below, appellant, *v.* SYLVESTER W. CLEMENTS, plaintiff below, respondent.

If the plaintiff in an action at the trial term, and before the trial of it, settles it out of court with the defendant, by accepting from him and receipting to him for a sum less than the amount of the note sued on in full payment of it, without anything said by them as to costs, he will be entitled to judgment for costs accrued in the action up to the time of such settlement and payment.

ON appeal from a justice of the peace *pronar in assumpsit* upon a promissory note for seventy-five dollars, by payee against the maker of it, with the usual pleas and issues, and on the list for trial at this term, and when called *Spruance,* for the defendant below, informed the court that the case had been settled the day before between the parties themselves, out of court, by the defendant's paying the plaintiff sixty dollars and taking his receipt for that amount, and in full of the promissory note which he produced ; but nothing was said in the receipt, nor agreed upon between them, as to the costs of the suit thus concluded and ended by them. The question then arose between him and *J. H. Rodney,* for the plaintiff below, which of the parties, under the circumstances was liable for the costs of the suit.

*Spruance* contended that the defendant was entitled to a judgment for his costs in the suit on the receipt and admission of the plaintiff that he had been paid by the defendant in full of the note yesterday ; and further said that, although, with the understanding that the case had been settled, the witnesses had been discharged yesterday from any further attendance upon the court if there was any doubt about the defendant's being entitled, under the circumstances, to a judgment for his costs of suit up to that time, he could and would at once proceed to a trial before a jury to be immediately empannelled for the purpose, and upon payment of the note in full before them, the defendant would be entitled to a verdict, and upon that he would be entitled to the judgment of the court against the plaintiff for his costs.

*Houston,* J. The issue now joined on the plea of payment

Catts *v.* Clements.

imports a payment in full before the action was commenced, and not within the last two days, and which, of course, could have been no defence to the action when it was commenced, or the plea of payment was pleaded to it, or when the appeal was taken, and yet, as now presented, it is a full admission on the part of the defendant that the plaintiff had a good cause of action on the note to the amount of sixty dollars up to that time. But, before you can get this payment as a matter of defence before a jury, as the pleadings now stand, you must apply for leave to amend, and file it in the nature of a plea *puis darrien continuance,* or as a payment in full made since the suit was brought and pleaded to issue.

*The Court,* however, concluded to let the case stand until another day, and requested the counsel on both sides to consider the matter further and produce authorities to show for which of the parties the judgment for costs should be rendered in such a case.

Upon the following day the case was called again.

*Rodney,* for the plaintiff. It was the ancient doctrine of the common law, that payment of a smaller sum than the amount of the debt could never be set up as an extinguishment of the debt, upon the general ground of want of consideration. 2 Greenl. Ev., § 516. So, the announcement of a debtor that he is paying a less amount in full payment of the whole does not amount to a legal satisfaction, although the creditor takes the offered sum in silent acquiescence. 5 East., 232 ; 32 N. Y., 691 ; 4 Green, 544. And it has even been found necessary to decide that payment and acceptance of the full amount of a debt may be pleaded in satisfaction of the debt and nominal damages resulting from non-payment. 16 M. & W., 61 ; 2 Com. B., 500. Though if, after suit brought, the payment is accepted only in satisfaction of the debt and nominal damages, the plaintiff may continue the action to judgment in order to recover costs. 2 Hill on Contr., 149 ; 20 L. J. C. P., 81 ; 12 Com. B., 261.

*Spruance.* It would be a good defence under a plea of accord

and satisfaction, the rule as to which is, that the accord and satisfaction must be simultaneous, and to show that they were so, it must appear not only that the sixty dollars were paid to the plaintiff but that it was received by him in satisfaction of the note; and whether it was so received and accepted by him is entirely a question for the jury. 2 Pars. on Contr., 685, n. r.

By the *Court.* The plea of payment of the promissory note on which the action was founded at the time when it was made, would be the only proper plea in the case, as it was paid in money and was received by the plaintiff in full payment of the promissory note for seventy-five dollars. But nothing more, so far as it appears in the case. In regard to a tender, the general rule of law is, that if it is made after suit brought, to be effectual it must be of the sum due with interest and costs accrued up to the time when it is made; and the general rule also is, that when money is brought into court by a defendant in action, on leave obtained for that purpose, without having been before tendered, and the plaintiff accepts the amount, he is entitled to costs accrued in the action up to that time. And we think the same ruling and principle of practice is properly applicable to a case like this, and accordingly give judgment in this case for the plaintiff below for costs accrued in the action up to the time of the payment of the note in full to him by the defendant below.